J-S27026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSHUA MARTINEZ | : | |
| Appellant | : | No. 1486 EDA 2021 |

Appeal from the PCRA Order Entered June 9, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008133-2017,
CP-51-CR-0008135-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSHUA MARTINEZ | : | |
| Appellant | : | No. 1487 EDA 2021 |

Appeal from the PCRA Order Entered June 9, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008133-2017,
CP-51-CR-0008135-2017

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 25, 2022**

Appellant Joshua Martinez appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition. Appellant's counsel (Current PCRA Counsel) has filed a motion to withdraw from representation and an

---

[1] 42 Pa.C.S. §§ 9541-9546.

***Anders*/*Santiago*** brief.[2]  For the reasons that follow, we affirm the PCRA

court's order and grant Current PCRA Counsel's motion to withdraw.

The PCRA court summarized the relevant facts and procedural history

of this matter as follows:

> Appellant and his co-defendant, Ruben Rodriguez, proceeded to a jury trial before this court on April 2, 2019 on [Docket Nos.] 8133-2017 and 5456-2018, after this court declared a mistrial without any intentional misconduct on March 29, 2019.  On April 11, 2019, a jury found Appellant guilty on [Docket No.] 8133-2017 of aggravated assault and three violations of the Uniform Firearms Act.  On the same date, a jury also found Appellant guilty on [Docket No.] 5456-2018 of attempted murder, aggravated assault, three violations of the Uniform Firearms Act, possessing instruments of crime, and conspiracy to commit aggravated assault and murder.[fn1]
>
> > [fn1] 18 Pa.C.S. §§ 2702(a)(1); 6105(a)(1); 6106(a)(1); 6108; 901(a); 2702(a)(1); 6105(a)(1); 6106(a)(1); 6108; 907(a); 903(c) respectively.
>
> On September 3, 201[9], Appellant entered an open guilty plea on [Docket No.] 8135-2017 to attempted murder, aggravated assault, three violations of the Uniform Firearms Act, and possessing instruments of crime.  On September 3, 201[9], this court also held a sentencing hearing for all three of Appellant's cases.  This court first sentenced Appellant on [Docket No.] 8135-

---

[2]  Current PCRA Counsel erroneously filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which provide the procedure for counsel to withdraw in a direct appeal.  In an order filed on May 25, 2022, this Court notified Current PCRA Counsel of this error and informed him that to withdraw as PCRA counsel he must satisfy the requirements set forth in ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  ***See*** Order, 5/25/22.  However, because an ***Anders*/*Santiago*** brief provides greater protections to Appellant, we may accept an ***Anders*/*Santiago*** brief in lieu of a ***Turner*/*Finley*** brief.  ***See*** ***Commonwealth v. Reed***, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

2017 to an aggregate term of fifteen (15) to thirty (30) years of confinement. This court then sentenced Appellant on [Docket No.] 8133-2017 to a consecutive aggregate term of eight (8) to twenty (20) years of confinement. Finally, this court sentenced Appellant on [Docket No.] 5456-2018 to another consecutive term of fifteen (15) to thirty (30) years of confinement. Appellant thus received a total aggregate sentence of thirty-eight (38) to eighty (80) years.[fn2]

> [fn2] 18 Pa.C.S. §§ 901(a); 2702(a)(1); 6105(a)(1); 6106(a)(1); 6108; 907(a) respectively.

PCRA Ct. Op., 3/22/22, at 1-2 (footnotes omitted and formatting altered).

Appellant did not file a direct appeal in any of the three cases. On July 20, 2020, Appellant filed a *pro se* PCRA petition challenging the legality of his sentence, which the PCRA court docketed at Docket Nos. 8135-2017 and 8133-2017. Therein, Appellant claimed that his sentence was illegal because he had entered a "negotiated guilty plea for a maximum sentence of fifteen years," and the trial court had imposed a minimum sentence eight-and-a-half years' incarceration, which exceeded one-half of the maximum sentence in violation of 42 Pa.C.S. § 9756(b)(1). *Pro Se* PCRA Pet., 7/20/20, at 3.

On August 28, 2020, the PCRA court appointed Douglas Earl, Esquire (Prior PCRA Counsel), who subsequently filed a **Turner**/**Finley** brief in the PCRA court.[3] On April 7, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Rule 907 Notice, 4/7/21. Appellant did not file a response. On June 9, 2021, the PCRA

---

[3] Although it is undisputed that prior PCRA Counsel also filed a motion to withdraw, the motion was not included in the certified record transmitted to this Court.

court issued an order dismissing Appellant's petition. PCRA Ct. Order, 6/9/21, at 1. However, the PCRA court did not rule on Prior PCRA Counsel's motion to withdraw.

While still represented by Prior PCRA Counsel, Appellant filed a *pro se* motion for reconsideration on July 2, 2021, and subsequently filed two notices of appeal listing both docket numbers on July 8, 2021.[4] *Pro Se* Mot. for Recons., 7/2/21; Notice of Appeal, 7/8/21. On August 16, 2021, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement. PCRA Ct. Order, 8/16/21. However, Prior PCRA Counsel did not comply with the PCRA court's order.

On December 2, 2021, the PCRA court issued an order granting Prior PCRA Counsel's motion to withdraw and appointed Matthew Sullivan, Esquire (Current PCRA Counsel) on Appellant's behalf. PCRA Ct. Order, 12/2/21. On January 11, 2022, Current PCRA Counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file a motion to withdraw. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's legality-of-sentence claim and concluding that it was meritless. PCRA Ct. Op. at 4.

On appeal, Current PCRA Counsel filed a motion to withdraw and an **Anders**/**Santiago** brief stating that he thoroughly reviewed the case,

_____

[4] Appellant filed a separate notice of appeal at each PCRA court docket in accordance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) and Pa.R.A.P. 341(a). On December 21, 2021, this Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513. Order, 12/21/21.

believed an appeal was wholly frivolous, notified Appellant of his intent to withdraw, and provided Appellant with copy of his brief.[5]  Current PCRA Counsel has provided this Court with a copy of his letter to Appellant, which informed Appellant of his right to proceed *pro se* or with private counsel.  Resp. to Order, 5/27/22.  Additionally, the record reflects that Appellant did not file a response either *pro se* or through private counsel.

In the ***Anders***/***Santiago*** brief, Current PCRA Counsel identifies two issues.  The first issue relates to the legality of Appellant's sentence.  ***See Anders***/***Santiago*** Brief at 10.  The second issue concerns a claim concerning ineffectiveness of prior counsel.  ***See id.*** at 17.

Before addressing the matters raised in Current PCRA Counsel's ***Anders***/***Santiago*** brief, we must first consider his request to withdraw as PCRA counsel.  Although Current PCRA Counsel filed an ***Anders***/***Santiago*** brief, this Court is required to apply the ***Turner***/***Finley*** requirements in this collateral appeal even though ***Anders***/***Santiago*** affords greater protections to an appellant on direct appeal.  ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); ***see also Commonwealth v. Muzzy***, 141 A.3d 509, 510 n.3 (Pa. Super. 2016).  Current case law allows this Court to accept the ***Anders***/***Santiago*** brief from PCRA counsel; however, instantly, this Court

---

[5] On May 25, 2022, this Court issued an order directing Current PCRA Counsel to provide proof of service for his motion to withdraw and the no-merit letter as well as a statement advising Appellant that he had the right to proceed *pro se* or with the assistance of privately retained counsel.  Order, 5/25/22, at 1.  Current PCRA Counsel complied with this Court's order on May 27, 2022.

must apply the **Turner**/**Finley** requirements in its appellate review. "While an **Anders** brief is acceptable on collateral review even though a no merit [**Turner**/**Finley**] letter is the appropriate filing, counsel must adhere to all the **Turner/Finley** requirements[.]" **Commonwealth v. Paris**, 2022 WL 4231231, at *1 (Pa. Super. filed Sept. 14, 2022) (unpublished mem).[6] "As stated previously, the procedure set forth in **Anders** is not appropriate for withdrawing from PCRA representation, as counsel seeking to withdraw on collateral appeal must follow the procedure outlined in **Turner**/**Finley**." **Commonwealth v. Blake**, 2022 WL 4127227, at *4 (Pa. Super. filed Sept. 12, 2022) (unpublished mem). Accordingly, we will apply the **Turner**/**Finley** requirements in our review of Current PCRA Counsel's request to withdraw from his representation of this collateral appeal.

> Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner** and **Finley**] and must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—trial court or

---

[6] **See generally** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

> this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Muzzy*, 141 A.3d at 510-11 (citations omitted and formatting altered).

Current PCRA Counsel's brief summarizes relevant portions of the record and explains why Appellant's sentencing claim is meritless. *Anders*/*Santiago* Brief at 7-17. Essentially, in the *Anders*/*Santiago* brief, Current PCRA Counsel explains that Appellant's sentencing claims lack merit because the sentences imposed for each count imposed a penalty of total confinement in which the minimum does not exceed one-half of the maximum sentence. Further, the sentences for each count do not exceed the statutory maximums for the crimes. Therefore, the aggregate sentences imposed at both dockets are legal and consistent with 42 Pa.C.S. § 9756(b)(1).

In the *Anders*/*Santiago* brief, Current PCRA Counsel also concludes that Appellant's ineffectiveness claims concerning Prior PCRA Counsel's alleged failure to file an amended PCRA petition including trial counsel's alleged failure to file a direct appeal when requested to do so are without merit. *Anders*/*Santiago* Brief at 17-18. Current PCRA Counsel concludes that there is no support in the record that Appellant filed PCRA petitions at trial court Docket Nos. 8133-2017 and 8135-2017, and that in any event, Appellant's *pro se* PCRA issues do not raise claims of arguable merit. Therefore, Prior PCRA Counsel cannot be held ineffective for failing to file an amended petition. *Id.* at 18-19.

Here, Current PCRA Counsel filed his petition to withdraw indicating that he reviewed the record and determined that an appeal is frivolous and without merit. Pet. To Withdraw, 5/3/22. Counsel also filed a copy of the letter he sent to Appellant, which indicates that Counsel sent Appellant a copy of the *Anders*/*Santiago* brief and advised Appellant that he may proceed *pro se* or retain private counsel to raise any additional issues he believes should be brought to this Court's attention. Resp. to Order, 5/27/22; *Anders*/*Santiago* Brief at 9. Accordingly, we conclude that Counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issues Current PCRA Counsel identified in the *Anders*/*Santiago* brief. *Anders*/*Santiago* Brief at 10-19.

**Legality of Sentencing Claims**

We note that issues relating to the legality of a sentence are questions of law, therefore, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013) (citations omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and . . . . must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal." *Id.* (citations and quotation marks omitted); *see also* 42 Pa.C.S. § 9756(b)(1) (stating that "[t]he court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed").

Pursuant to Section 1102 of the Crimes Code, a person who has been convicted of attempted murder resulting in serious bodily injury "may be

sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years." 18 Pa.C.S. § 1102(c).

Aggravated assault and possession of a firearm by a prohibited person are felonies of the first degree. 18 Pa.C.S. §§ 2702(a)(1), (b); 6105(a)(1), (a.1)(i). Pursuant to Section 1103(1) of the Crimes Code, the maximum sentence for a first-degree felony is twenty years' incarceration. 18 Pa.C.S. § 1103(1).

Carrying a firearm without a license is a third-degree felony. 18 Pa.C.S. § 6106(a)(1). The maximum sentence for a third-degree felony is seven years' incarceration. 18 Pa.C.S. § 1103(3).

Finally, carrying firearms in public and possessing an instrument of crime are misdemeanors of the first degree. 18 Pa.C.S. §§ 6108, 6119; 907(a). The maximum sentence for a first-degree misdemeanor is five years' incarceration. 18 Pa.C.S. § 1104(1).

Here, at Docket No. 8135-2017, Appellant entered an open guilty plea that did not contain a negotiated sentence. Therefore, the trial court was restricted to impose no more than the statutory maximum sentence for each offense. At sentencing, the trial court ordered Appellant to serve fifteen to thirty years' incarceration for attempted murder, five to ten years' incarceration for possession of a firearm by a prohibited person, three-and-one-half to seven years' incarceration for firearms not to be carried without a license, and one to two years' incarceration for both carrying firearms in public

- 9 -

and possessing an instrument of crime. *See* Sentencing Order, Docket No. 8135-2017, 9/3/19, at 1-2.

At Docket No. 8133-2017, Appellant was found guilty following a jury trial, and the trial court was required to impose no more than the statutory maximum sentence for each offense. At sentencing, the trial court ordered Appellant to serve eight to twenty years' incarceration for aggravated assault, five to ten years' incarceration for possession of a firearm by a prohibited person, three-and-one-half to seven years' incarceration for firearms not to be carried without a license, and one to two years' incarceration for carrying firearms in public. *See* Sentencing Order, Docket No. 8133-2017, 9/3/19, at 1.

Following our review of the record, we conclude that Appellant's individual sentences do not exceed the statutory maximum for each offense, further, the minimum does not exceed half of the maximum of each imposed sentence consistent with 42 Pa.C.S. § 9756(b)(1). Therefore, Appellant's sentences are legal. *See Infante*, 63 A.3d at 363. For these reasons, we agree with Current PCRA Counsel's assessment that Appellant's sentencing claims lack merit. Accordingly, no relief is due.

## Ineffectiveness of Counsel Claims

Finally, Current PCRA Counsel discussed Appellant's claims that trial counsel was ineffective for failing to file a direct appeal when requested to do so, and that Prior PCRA Counsel was ineffective for failing to file an amended PCRA petition challenging trial counsel's failure to file a direct appeal.

***Anders***/***Santiago*** Brief at 17. Prior to our Supreme Court's holding in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), obtaining appellate review of allegations of PCRA counsel's ineffectiveness required that PCRA petitioners raise their challenges in response to a motion to withdraw as counsel or in a timely response to a lower court's Rule 907 notice. ***See id.*** at 386 (explaining the history of the right to representation by PCRA counsel and the procedural mechanisms for challenging PCRA counsel's effectiveness). Notably, the ***Bradley*** Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Id.*** at 401. Instantly, Current PCRA Counsel noted that Appellant might argue that he has complied with ***Bradley***'s requirements because he raised the issue of Prior PCRA Counsel's ineffectiveness at the first opportunity to do so. ***Anders***/***Santiago*** Brief at 17.

Current PCRA Counsel, in discussing Appellant's ineffectiveness claims consistent with ***Bradley***, argues that this Court **should** consider the merits of these claims, and that Appellant might claim that Prior PCRA Counsel was ineffective for failing to file an amended PCRA petition alleging trial counsel's ineffectiveness for failing to pursue a direct appeal. ***See id.*** Further, Current PCRA Counsel contends that Appellant might cite the February 10, 2021 letter, which he wrote to the Philadelphia County Clerk Courts, asking about the status of his appeal of cases at Docket Nos. 8133-2017 and 8135-2017, and that Appellant might also cite the *pro se* motion for reconsideration he filed

on July 2, 2021. *See id.* In his motion, Appellant averred that supplemental PCRA petitions were filed at Docket Nos. 8133-2017 and 8135-2017, and that he filed a PCRA petition at Docket No. 5456-2018. With respect to Docket Nos. 8133-2017 and 8135-2017, Appellant averred that he argued that trial counsel was ineffective for failing to file a direct appeal when requested to do so. At Docket No. 5456-2018, Appellant averred that he argued that his sentence was illegal, and that Prior PCRA Counsel did not address the ineffective assistance of trial counsel for failing to file a direct appeal when requested to do so. *See id.*; *Pro Se* Mot. for Recons., 7/2/21, at 1.

However, Current PCRA Counsel concludes that the record does not support Appellant's claims, and that there is no evidence that Appellant filed supplemental PCRA petitions at Docket Nos. 8133-2017 and 8135-2017. Accordingly, Current PCRA Counsel concludes that Appellant's allegation of Prior PCRA Counsel's alleged ineffectiveness for failing to argue that trial counsel was ineffective for failing to file a direct appeal is meritless, and that in any event, there are no viable claims for relief to pursue on direct appeal, therefore Prior PCRA Counsel cannot be deemed ineffective. ***Anders***/***Santiago*** Brief at 16-18.

Our independent review of the record is guided with the understanding that, consistent with ***Bradley***, Appellant, acting *pro se*, or with newly retained counsel, may raise claims of prior PCRA counsel's ineffectiveness after the PCRA court denies relief, at the first opportunity to do so, even on appeal.

However, Appellant's claims must have arguable merit and be supported by the record. **See Bradley**, 261 A.3d at 401-02.[7]

In considering Appellant's ineffectiveness claims, we agree with Current PCRA Counsel's assessment that Appellant's ineffectiveness of counsel claims are frivolous and do not have arguable merit. Our review of the February 10, 2021 letter that Appellant sent to the Philadelphia County Clerk of Courts reveals that Appellant listed Docket Nos. 8133-2017 and 8135-2017 as cases that "[he] appealed" and includes a request to know where "[his] appeal stands". Finally, it includes a request for a copy of Appellant's "docket sheet". Appellant did not include any further information, such as any indication or evidence that he instructed trial counsel to file a direct appeal or that he filed PCRA petitions at those dockets. **See** Inmate Doc. Req., Docket No. 8133-2017, 2/10/21, at 1. Further, there is no evidence elsewhere in the record

---

[7] The **Bradley** Court explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

**Bradley**, 261 A.3d at 402 (citations omitted and formatting altered).

that Appellant requested trial counsel to file a direct appeal and no evidence that Appellant filed supplemental PCRA petitions at Docket Nos. 8133-2017 and 8135-2017. There is also no evidence in the record to show that Appellant requested that trial counsel file a direct appeal, despite what Appellant avers in his motion for reconsideration. Therefore, the allegation of Prior PCRA Counsel's ineffectiveness for failing to argue trial counsel was ineffective for failing to file a direct appeal is meritless and no relief is due. **See Commonwealth v. Johnson**, 139 A.3d 1257, 1272 (Pa. 2016) (explaining that counsel cannot be deemed ineffective for failing to raise a meritless claim).

After reviewing the issues identified in the **Anders**/**Santiago** brief and following our independent review of the record, we agree with Current PCRA Counsel's assessment and conclude that no relief is due. For these reasons, we affirm the order denying Appellant's PCRA petition and grant Current PCRA Counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2022

- 14 -